**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| **MICHAELA MILLS** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **CIVIL ACTION: 1:15-cv-101-SA-DAS** |
| **ESPN, INC. and** | ) |
| **MISSISSIPPI STATE UNIVERSITY** | ) |
| | ) |
|     **Defendants.** | ) |

## ANSWER OF DEFENDANT ESPN, INC.

Defendant ESPN, Inc. ("ESPN") submits this answer and these affirmative defenses to Plaintiff's complaint:

    1.     Admitted, on information and belief.

    2.     Admitted.

    3.     Admitted.

## JURISDICTION AND VENUE

    4.     ESPN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

    5.     This allegation is not directed at ESPN and, therefore, requires no response. To the extent a response is deemed to be required, ESPN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

## FACTS

    6.     ESPN admits that Plaintiff Michaela Mills was acting as one of MSU's "Bully" mascots at the time of the incident. Except as admitted, ESPN is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

7.     ESPN admits that, when acting as the "Bully" mascot, Mills wore a mascot costume that included a headpiece.  Except as admitted, ESPN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

8.     ESPN admits that Mills was acting as the "Bully" mascot at the football game between MSU and the University of Mississippi that was played in Starkville, Mississippi on November 28, 2013.  Except as admitted, ESPN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

9.     ESPN admits that it provided live audiovisual coverage for the November 28, 2013 football game.  Except as admitted, the allegations of this paragraph are denied.

10.     Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

11.     ESPN admits that Mills suffered injuries to her left leg while on the sideline of the November 28, 2013 football game.  Except as admitted, ESPN denies these allegations to the extent that they form the basis for liability or fault on the part of ESPN.

12.     ESPN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

13.     ESPN admits that Mills was transported to a hospital and underwent surgery for injuries to her left leg.  Except as admitted, ESPN is without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

## ALLEGATIONS AND NEGLIGENCE

14.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

15.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

16.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

17.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

18.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

19.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

20.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

21.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

22.    Denied to the extent that these allegations form the basis for liability or fault on the part of ESPN.

23.    This allegation is not directed at ESPN and, therefore, requires no response.  To the extent a response is deemed to be required, ESPN is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

## DAMAGES

24.     ESPN denies the allegations in this paragraph, including all of its subparts, to the extent that these allegations form the basis for liability or fault on the part of ESPN.  Further, ESPN denies that plaintiff is entitled to any of the relief sought against ESPN.

## PRAYER

ESPN denies the allegations in the paragraph beginning WHEREFORE, PLAINTIFF PRAYS to the extent that these allegations form the basis for liability or fault on the part of ESPN.  Further, ESPN denies that plaintiff is entitled to any of the relief sought against ESPN.

## AFFIRMATIVE DEFENSES OF ESPN, Inc.

Having fully answered the allegations of the complaint, Defendant ESPN, Inc. asserts the following affirmative defenses:

## FIRST DEFENSE

Plaintiff's claims are barred because she voluntarily consented to and assumed the risks associated with acting as the MSU "Bully" mascot at athletic events and football games, including the known and apparent risk that she might suffer accidental injury while acting as the mascot with her vision partially obscured along the crowded and tumultuous sideline of a college football game.

## SECOND DEFENSE

Plaintiff's claims are barred by one or more releases or waivers that she executed as a condition of participating as a cheerleader and mascot at MSU athletic events.

4

### THIRD DEFENSE

Plaintiff's claims are barred or reduced by her own contributory or comparative negligence, and by the fault of other parties for whom ESPN is not responsible. Such fault must be allocated to the Plaintiff and other parties pursuant to Section 85-5-7 and Section 11-7-15 of the Mississippi Code. Moreover, to the extent that Plaintiff has settled or does settle in the future some or all of her claims against other parties or potential joint tortfeasors, ESPN is entitled to a settlement credit.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages, if any, including her failure to claim insurance coverage and other benefits available to her as a cheerleader through MSU and the National Collegiate Athletic Association.

### FIFTH DEFENSE

To the extent that any injury or damage that Plaintiff may have sustained has been compensated in whole or in part, any recovery to which Plaintiff might otherwise be entitled is barred or reduced thereby.

### SIXTH DEFENSE

To the extent that Plaintiff has released, settled, or otherwise compromised her claims, in whole or in part, her claims are barred by operation of law or, alternatively, are reduced by way of set-off.

### SEVENTH DEFENSE

Defendant ESPN preserves and asserts all affirmative defenses that are or may become available to it under Federal Rule of Civil Procedure 8(c) and 12(b), and otherwise, upon further investigation and discovery. Defendant EPSN also incorporates by reference any and all

defenses asserted by the co-defendant which are consistent with ESPN's denials and defenses herein, including its denial of liability.

WHEREFORE, having answered the allegations of the Complaint and having pled affirmatively, Defendant ESPN, Inc. demands that the complaint against it be dismissed and that all costs be assessed against the Plaintiff.

RESPECTFULLY SUBMITTED, this the 28th day of September, 2015.

<div style="margin-left:auto">

s/ Michael J. Bentley
Roy D. Campbell, III (MSB # 5562)
rcampbell@babc.com
Michael J. Bentley (MSB # 102631)
mbentley@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 400
188 East Capitol Street
Jackson, MS 39201
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

*Attorneys for ESPN, Inc.*

</div>

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on September 28, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will deliver copies to all counsel of record, including:

   Beth Buffington
   Evans Petree PC
   1000 Ridgeway Loop Road, Suite 200
   Memphis, Tennessee 38120
   (901) 525-6781
   bbuffington@evanspetree.com

   *Attorneys for Plaintiff Michaela Mills*

   Joan L. Lucas
   Brandon L. Jolly
   Mississippi State University
   175 President's Circle
   Suite 513 Allen Hall
   Mississippi State University, MS 39762
   Phone: 662-325-8131
   Fax: 662-325-8485

   *Attorneys for Defendant Mississippi State University*

This, the 28th day of September, 2015.

           s/ Michael J. Bentley
           One of the Attorneys for ESPN, Inc.